SMITH, Appellant, vs. TOWN OF ONALASKA, Respondent.

*December 8, 1914—January 12, 1915.*

*Highways: Duties of superintendent: Diversion of creek: Appraisement of damages.*

Secs. 1236–1237a, Stats., provide for appraisement of such damages only as are caused by the acts of the superintendent of highways or persons under his direction who enter upon lands adjoining to or near a highway under the authority of said sections for the purposes therein mentioned, but not of the damages caused by any wrongful acts in the improvement of the highway—such as diverting the course of a creek within the limits of the highway—without entry upon any adjoining land.

APPEAL from a judgment of the circuit court for La Crosse county: JAMES O'NEILL, Judge. *Affirmed.*

This is an action to recover damages for an alleged injury to the plaintiff's property caused by the change of the course of a creek by the defendant town in improving a highway.

The plaintiff alleges that he owns and that he and his family occupied as a homestead the northeast quarter of the northeast quarter of section 29, township 16 north, of range 7 west, and that he owned the southwest quarter of the northeast quarter and used it as a pasture lot for his stock. A public highway ran over the west side of the plaintiff's home

forty and over the east side of the pasture forty, which was diagonally across the road from the homestead. A creek originally ran northwesterly within the limits of the highway at this place. It reached the southwest corner of appellant's home forty and then crossed the highway to a point near the northeast corner of plaintiff's pasture forty, and thence its course was north and west along the highway for a distance of about 1,000 feet, where it recrossed to plaintiff's side of the road and thence flowed on to a field north of the plaintiff's homestead. Originally there was a wooden bridge where the stream crossed the highway near the plaintiff's home, but in the year 1903 the defendant town constructed a stone culvert in place of this bridge. This culvert had a two-foot square opening for the passage of the water. In 1908 the defendant town closed up this culvert and diverted the course of this creek into a ditch along the east side of the road within the limits of the highway, passing along the west side of the plaintiff's home forty, and thereby connected the creek with the old channel where it originally recrossed to the east side of the road. This new creek channel running in front of the plaintiff's home forty separated his home from the traveled track of the highway. The town put in a bridge over the new channel to afford ingress and egress at plaintiff's homestead forty. By conducting the water into this new channel the stream was diverted from crossing the road and from running near the plaintiff's pasture forty.

The plaintiff made application for the appointment of appraisers by the supervisors to assess his alleged damages. They were appointed on August 9, 1910, and on December 5, 1910, they certified that the plaintiff, upon the allegations in his application, had no claim for damages. The plaintiff appealed from this finding to the circuit court and gave his bond as required. Issues were framed by the pleadings of the parties in the circuit court and a trial had thereon.

The plaintiff alleges that he is damaged by this diversion

of the stream from its natural course in that he is deprived of taking water from the creek for the use of his stock; that he had to build dikes to keep the water from continuously overflowing on his homestead forty; and that his right of ingress and egress was interfered with. The evidence shows that prior and subsequent to the making of this highway improvement this creek overflowed and spread upon plaintiff's lands and adjoining lands at time of high water. Plaintiff claims that he had to move his barn and build dikes around his chicken house on account of the increased flooding of his premises by reason of changing the course of the creek.

The court submitted a special verdict, and the jury found (1) that the liability to overflow, was increased by the changes made by the defendant in the course of the creek; (2) that $800 was the damage done to the homestead forty by these acts of the defendant; and that the pasture forty was damaged to the extent of $100. The court, upon motion, changed the answers to these questions in the verdict and awarded judgment dismissing plaintiff's complaint and that the defendant recover its costs. This is an appeal from such judgment.

*Wm. S. Burroughs,* for the appellant.

For the respondent there was a brief by *George W. Bunge* and *Otto Bosshard,* and oral argument by *Mr. Bunge.*

SIEBECKER, J. The plaintiff claims that he is damaged, as owner of the two forty-acre pieces of land heretofore described, by the action of the town board and the superintendent of highways in changing the course of the creek within the limits of the highway. He instituted proceedings under sec. 1237, Stats., by applying to the supervisors of the town for the appointment of electors to appraise his alleged damages. The required steps under this statute for the appraisement of the damage plaintiff claimed to have suffered were taken and resulted in a determination by the appraisers that

the plaintiff had sustained no damages.   Upon appeal by the
plaintiff from such determination the matter proceeded to
trial in the circuit court and resulted in a judgment of dis-
missal of plaintiff's complaint.

The plaintiff contends that he is entitled to recover in this
proceeding whatever damages resulted to his property by di-
verting the course of this creek, within the limits of the high-
way, pursuant to the order of the town board and the action
of the superintendent of highways in making the alleged im-
provement of the highway in the manner above stated.   This
contention of the plaintiff cannot be sustained because he
claims the right to recover for injuries not embraced in the
proceeding provided for in secs. 1236, 1237, and 1237a, Stats.
Sec. 1236 authorizes any superintendent of highways and per-
sons under his direction ". . . to enter upon any lands ad-
joining to or near any highway in his town or district and
construct such drains or ditches as may be necessary for the
improvement or preservation of such highways;" and that
he ". . . may enter upon any unimproved lands adjoining to
or near any highway in his town or district and gather or dig
stones, gravel, sand, clay or loam and cut any wood or trees,
and take away the same for the purpose of making or improv-
ing any highway. . . ."   Sec. 1237 makes provision for "Any
owner or occupant of lands so entered upon or used for any of
the purposes mentioned in the preceding section," who feels
aggrieved, to apply to the supervisors of the town for appoint-
ment of three electors to appraise the damages, who shall pro-
ceed in the manner prescribed and make report of their ap-
praisement by filing it with the town clerk.   Sec. 1237a
makes provision for an appeal from such appraisement and
for a trial of the question of the alleged damages in circuit
court.   It is manifest that this proceeding was provided for
an appraisement of the damages caused in cases where the
superintendent of highways or persons under his direction
entered upon lands "adjoining to or near any highway in his

town or district" and constructed drains or ditches thereon or took materials therefrom for the purpose of making or improving highways. The provisions of the statute contain nothing to indicate that this proceeding may be employed by an abutting landowner for the recovery of any damages he claims to have suffered by any wrongful acts of the town board or the superintendent of highways or any persons acting under their direction for the improvement or preservation of a highway. The context of these statutes clearly indicates that they provided a proceeding for the purposes of appraisement only of the damages occasioned by such town officers or agents who enter the private inclosure of premises adjoining to or near a highway under the authority granted by these statutes for the purpose of enabling the owner to secure payment of his damages thereby occasioned. The inquiry is, Did the plaintiff present a case for an appraisement of damages to his lands under the provisions of these statutes? It is admitted without dispute that neither the superintendent of highways nor any person under his direction actually entered upon the plaintiff's land beyond the limits of the highway to construct any drain or ditch or take any material therefrom for the purpose of improving or preserving a highway. The plaintiff asserts that he suffered injury from the acts of the town officers and agents in diverting the course of the creek within the limits of the highway, as specified in the foregoing statement, by depriving him of the use of the water in the creek near his pasture forty and by increasing the liability of flooding his lands in case of high water and by injuring his facility of ingress and egress. These alleged injuries are not the result of any entering on or taking of material from his lands within the contemplation of the provisions of these statutes under which the plaintiff proceeded for an appraisement of his damages. We have examined the evidence and find the circuit court correctly applied the law upon motion after verdict, by directing a judgment in defendant's

favor, notwithstanding the verdict, upon the ground that the evidence failed to show that plaintiff had any right to recovery under the provisions of sec. 1236, Stats.

*By the Court.*—The judgment appealed from is affirmed.